IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CEDRIC CRUTCHFIELD,

     Plaintiff,

         v.

PM TARA JONESBORO, LLC,

     Defendant.

CIVIL ACTION FILE
NO. 1:24-CV-456-TWT

## OPINION AND ORDER

This is a personal injury action. It is before the Court on Defendant PM Tara Jonesboro, LLC's Motion for Summary Judgment. [Doc. 22]. For the following reasons, the Defendant's Motion for Summary Judgment [Doc. 22] is DENIED.

## I.   Background[1]

This case arises out of injuries the Plaintiff suffered when he fell outside of the Tara Boulevard Apartment Homes owned by the Defendant. (Def.'s Statement of Undisputed Material Facts ¶¶ 1, 3, 11, 14). On February 6, 2022, Plaintiff returned home to the apartment complex between 8:30 and 10:00 PM, when it was dark outside. (*Id.* ¶ 4). Because his neighbors were having a party, he parked approximately 10 spaces further from the entrance to his apartment

---

[1] The operative facts on the Motions for Summary Judgment are taken from the parties' Statements of Undisputed Material Facts and the responses thereto. The Court will deem the parties' factual assertions, where supported by evidentiary citations, admitted unless the respondent makes a proper objection under Local Rule 56.1(B).

building than usual. (*Id.* ¶¶ 5-6). Due to where he parked his car, the Plaintiff could not utilize the concrete pathway near the entrance to his apartment and instead walked through a grassy area in front of the apartment building towards that concrete pathway. (*Id.* ¶ 7; Pl.'s Resp. to Pl.'s Statement of Undisputed Material Facts ¶ 7; see also Def's Mot. for Summ. J., Ex. 2). The Plaintiff states that he never walked through the grassy area previously. (Def.'s Statement of Undisputed Material Facts ¶ 8). While walking through the area and carrying his groceries, the Plaintiff stepped into a hole or a steep depression in the ground. (*Id.* ¶ 11; Pl.'s Resp. to Pl.'s Statement of Undisputed Material Facts ¶ 11). As a result, the Plaintiff suffered significant injuries to his right leg that required surgery and a lengthy period of rehabilitation. (Def.'s Statement of Undisputed Material Facts ¶ 14).

The Plaintiff initiated this action in Clayton County State Court on March 27, 2023, and the Defendant removed the action to this Court on January 31, 2024. (Compl. [Doc. 1-2]; Not. of Removal [Doc. 1]). In his Complaint, the Plaintiff asserts one count of negligence and seeks money damages for his injuries and necessary medical treatment in addition to attorney's fees. (Compl. ¶¶ 8-13). The Defendant filed the Motion for Summary Judgment that is presently before the Court on July 31, 2024. [Doc. 22].

## II.  Legal Standards

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists, and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a), (c). The court should view the evidence and draw any inferences in the light most favorable to the nonmovant. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970). The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact exists. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986).

## III. Discussion

The Defendant first argues that the Plaintiff's negligence claim fails because he cannot establish that there was a breach of any duty by the Defendant or that the Defendant's actions somehow caused his injury. (Def.'s Br. in Supp. of Mot. for Summ. J., at 5-9). The Defendant further argues that the Plaintiff has failed to establish that the Defendant had superior knowledge of the hole that the Plaintiff stepped in and that the Plaintiff failed to exercise ordinary care for his own safety by walking through the grass at night with no lights. (*Id.* at 9-18).

3

The Plaintiff responds that O.C.G.A. § 51-3-1 prescribes the duty that the Defendant owed to him as an invitee and argues that the Defendant had constructive knowledge of the hole due to its failure to perform daily maintenance inspections as outlined in its own policies and procedures. (Pl.'s Resp. in Opp. to Mot. for Summ. J., at 6-7, 13-15). The Plaintiff argues that a jury could find he exercised ordinary care for his own safety by choosing to traverse the grassy area rather than walk through a parking lot with vehicle traffic, since both areas were unlit and there was no sidewalk to use. (*Id.* at 8-12). Finally, the Plaintiff asserts that he had no prior knowledge of the hazard because he had never needed to walk through the grassy area before the night he was injured. (*Id.* at 16-17).

Under Georgia law, "[w]here an owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe." O.C.G.A. § 51-3-1. But "if the plaintiff by ordinary care could have avoided the consequences to himself caused by the defendant's negligence, he is not entitled to recover. In other cases the defendant is not relieved, although the plaintiff may in some way have contributed to the injury sustained." O.C.G.A. § 51-11-7. In general, to recover for injuries from a trip and fall action, "an invitee must prove (1) that the defendant had actual or constructive

knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner/occupier." *Robinson v. Kroger Co.*, 268 Ga. 735, 748 (1997).

With regard to constructive knowledge, a property owner is under a duty "to inspect the premises to discover possible dangerous conditions of which he does not know and to take reasonable precautions to protect the invitee from dangers which are foreseeable from the arrangement and use of the premises." *Brennan v. Freight Room, Inc.*, 226 Ga. App. 531, 533 (1997) (citation and quotation marks omitted). Moreover, although a plaintiff's prior knowledge of a hazard can sometimes preclude recovery, "it is a plaintiff's knowledge of the *specific* hazard which precipitates the . . . fall which is determinative, not merely his knowledge of the generally prevailing hazardous conditions." *Id.* (citation and quotation marks omitted). "[R]outine issues of premises liability, i.e., the negligence of the defendant and the plaintiff, and the plaintiff's lack of ordinary care for personal safety are generally not susceptible of summary adjudication, and . . . summary judgment is granted only when the evidence is plain, palpable, and undisputed." *Robinson*, 268 Ga. at 748.

The Court will address the Defendant's arguments in the order it presented them. First, contrary to Defendant's position, it was under a duty to inspect the property for hazards and to protect invitees from foreseeable

hazards due to "the arrangement and use of the premises." *Brennan*, 226 Ga. App. at 533. The Defendant assumes, without any evidence, that the hole the Plaintiff stepped in was "naturally occurring" such that it was under no duty to discover the hole and remedy it. (*See* Def.'s Br. in Supp. of Mot. for Summ. J., at 10). The case the Defendant relies on, *Columbus Drs. Hosp., Inc. v. Thompson*, 224 Ga. App. 682 (1997), is inapposite because it involved precipitated ice on a parking deck that had naturally formed and did not create an "obvious hazard." *Id.* at 683-84. Here, the Defendant has not argued that the hole at issue formed overnight like ice or that it was not obvious—in fact, the Defendant has argued that it was a "plainly visible" hazard. (Def.'s Br. in Supp. of Mot. for Summ. J., at 12). Given that there were no sidewalks running from the parking lot to the concrete path where the Plaintiff's apartment entrance was, it was foreseeable that residents might sometimes walk across the grass to get to the concrete path rather than walk through the parking lot. (*See* Def.'s Mot. for Summ. J., Ex. 2 [Doc. 22-2]); *Brennan*, 226 Ga. App. at 533 (noting that property owners have a duty to "take reasonable precautions to protect the invitee from dangers which are foreseeable *from the arrangement and use of the premises.*" (emphasis added)). Therefore, the Court finds the Defendant was under a duty to inspect the property for hazards that might cause someone injury as they walked through the grass towards the apartments' entrance.

Next, the Plaintiff has presented evidence tending to show that the Defendant had constructive knowledge of the hazard via its own Resident Operations Manual that stated it was the Defendant's policy to conduct daily maintenance inspections for potential hazards, and its interrogatory answer that it was unable to confirm whether those inspections were done. (Pl.'s Resp. in Opp. to Mot. for Summ. J., Ex. 5 [Doc. 23-5] at 55; Ex. 6 [Doc. 23-6] at 9). This coupled with the Defendant's duty to inspect the premises for hazards, *see Brennan*, 226 Ga. App. at 533, is enough for the Plaintiff to carry his burden of production and shift the burden back to the Defendant to show that there is no genuine issue of material fact as to whether the Plaintiff exercised ordinary care for his own safety. *Robinson*, 268 Ga. at 748.

The Defendant has not done so here. The Defendant argues that the Plaintiff voluntarily left the "designated and maintained pathway" to walk through the grass towards his apartment entrance and that had he not done so, there is no reason to believe the Plaintiff would have been injured. (Def.'s Br. in Supp. of Mot. for Summ. J., at 13-17). Again, the attached exhibits along with the Plaintiff's testimony demonstrate that there was no "designated and maintained pathway" leading from the area where the Plaintiff parked his car to the concrete pathway at the entrance to the apartments. (Pl.'s Dep. [Doc. 23-4] at 46:16-21); (Def.'s Mot. for Summ. J., Ex. 2). Although the Plaintiff usually walked through the parking lot, he testified during his deposition that

7

he chose not to do so on the night of the injury because the parking lot was busy with vehicular traffic, which is the same reason that he parked approximately ten spaces further away from his apartment than usual. (Pl.'s Dep. at 46:7-15). Moreover, to the extent the Defendant argues the Plaintiff failed to utilize a flashlight, the evidence shows that the Defendant had not erected any lighting around the parking lot or the side of the apartment complex. (*Id.* at 44:2-6; 47:6-9). Based on this evidence, a reasonable jury could find that the Plaintiff did exercise ordinary care for his own safety in choosing to traverse the grass rather than the parking lot on his way back to his apartment, and summary judgment for the Defendant is therefore not warranted. *Robinson*, 268 Ga. at 748 (noting that issues such as whether the plaintiff exercised ordinary care "are generally not susceptible of summary adjudication).

Moreover, the cases the Defendant cites in support of its position that the Plaintiff failed to exercise the proper care are distinguishable. In *Williams v. Park Walk Apartments, L.P.*, 253 Ga. App. 429 (2002), a tenant stepped off a sidewalk to shortcut through the grass during icy conditions and stepped into a hole. *Id.* at 429. In affirming the grant of summary judgment in the defendant's favor, the Georgia Supreme Court noted that there was no evidence the Plaintiff had stepped off the sidewalk for safety reasons as opposed to "expedience." *Id.* at 430. Here, there was no sidewalk for the

Plaintiff to utilize from the parking lot to the concrete path at the apartments' entrance and the Plaintiff did utilize the grass for safety reasons. Similarly, in *Gaydos v. Grupe Real Est. Invs.*, 211 Ga. App. 811 (1994), the plaintiff left the "paved walkway to the parking lot" and cut across the grass before tripping on broken pavement when she stepped down off the curb. *Id.* at 811-12. In affirming summary judgment for the defendant, the Court of Appeals also relied on the fact that the plaintiff had "voluntarily depart[ed] from the route designated and maintained by the owner/occupier for the invitee's safety and convenience." *Id.* at 813. Here, there was no "designated and maintained" route for the Plaintiff to take, and either route would have involved some risk to the Plaintiff's safety. Accordingly, summary judgment for the Defendant should be denied.

## IV. Conclusion

For the foregoing reasons, Defendant PM Tara Jonesboro, LLC's Motion for Summary Judgment [Doc. 22] is DENIED. The Parties are DIRECTED to file a consolidated pretrial order within 30 days of the date of this Order.

SO ORDERED, this ____28th____ day of October, 2024.

THOMAS W. THRASH, JR.
United States District Judge

9